18187

Walter M. KNIGHT, Respondent, v. Isaac JOHNSON, Appellant
(135 S. E. (2d) 372)

*Messrs. Haynsworth, Perry, Bryant, Marion & Johnstone,* of Greenville, *for Appellant,*

*Messrs. Bolt & Bowen,* of Greenville, *for Respondent,*

March 24, 1964.

LEWIS, Justice.

The plaintiff and the defendant were involved in an automobile collision as they were driving their respective vehicles along East Georgia Road near Simpsonville, South Carolina. They were meeting each other and the collision occurred as the defendant was in the process of making a left turn into his driveway. This action was then brought by the plaintiff to recover the damages sustained by him, alleging that the collision resulted from the negligent and

reckless manner in which the defendant operated his automobile at the time. The answer of the defendant, in addition to a general denial, contained the defense of contributory negligence and recklessness, which was based upon the specification of negligence, among others, that the plaintiff was operating his automobile at an excessive rate of speed under the circumstances. During the trial of the case, the defendant was allowed to introduce testimony, over the objection of the plaintiff, as to the motive and purpose governing the plaintiff in the operation of his automobile at the time of the collision. The trial of the case resulted in a verdict for the defendant, but a new trial was granted by the lower court, on motion of the plaintiff, upon the ground that prejudicial error had been committed in the admission of the foregoing testimony. From the order granting a new trial upon this ground, the defendant has appealed.

While the basic question for determination concerns the admissibility of the foregoing testimony, the plaintiff has raised the preliminary question that the order granting a new trial is not subject to review by this Court.

The plaintiff contends, that the order of the lower court granting a new trial was based upon a question of fact and is, therefore, not appealable. The rule is well-settled that an order of the trial court granting or refusing a new trial, when based solely on an error of law, is subject to review by this Court, but when the order is based upon questions of fact, or upon questions of law and fact, it is not appealable. *Turner v. Carey*, 223 S. C. 477, 76 S. E. (2d) 671.

The trial judge stated in his order : "I have now concluded, after a study of the transcript of record and the authorities, that in permitting such of the testimony, over the objection of the plaintiff, as was admitted, that the court committed prejudicial error." The order granting a new trial was, therefore, based upon the conclusion that the admission of the testimony in question constituted prejudicial error. This ruling was based solely upon an error of law and is subject to review.

The record before us is very meager, but it appears that the plaintiff was taking his son to a doctor and had just left the town of Simpsonville when the collision occurred. The necessity for taking his son to the doctor does not appear in the record, but was apparently connected with some incident that had occurred a short time before and with which the police officers were concerned. Over the objections of the plaintiff, the defendant was permitted to introduce testimony to show that ·just before leaving Simpsonville the plaintiff was angry and upset, and stated to a police officer that he was going to carry his son to the doctor and no one could stop him. There was testimony that he placed his son in the car and left in a "fast manner." It was approximately two miles from that point to the scene of the collision.

The plaintiff contends that the foregoing testimony, as to what happened at Simpsonville, was too remote in point of time to be of any probative value in showing the manner in which he operated his automobile at the time of the collision and was, therefore, irrelevant and prejudicial. The testimony was not introduced for the purpose of showing the manner in which the plaintiff was operating his vehicle when he left Simpsonville, two miles away, but was offered for the sole purpose of showing the motive and purpose governing the plaintiff in the operation of his vehicle at the time of the collision. The answer of the defendant plead the contributory negligence and recklessness of the plaintiff as a bar to recovery and alleged that plaintiff operated his automobile at the time at an excessive rate of speed. The speed at which plaintiff was operating his automobile was, therefore, a material issue in the case.

Ordinarily, testimony showing a motive for haste is relevant upon the issue of speed. 5A Am. Jur. 848, Section 957; Blashfield's Cyclopedia of Automobile Law and Practice, Section 6562; *Davidson v. Vast,* 233 Iowa 534, 10 N. W. (2d) 12; *Deputy v. Kimmell,* 73 W. Va. 595, 80 S. E. 919, 51 L. R. A., N. S., 989; *McIver v. Allen,* 33 Ariz. 28, 262 P. 5.

The foregoing testimony was to the effect that the plaintiff, while angry and upset, left Simpsonville in a hurry shortly before the collision to carry his son to the doctor. While the complete trial record is not before us, the foregoing testimony furnished a motive for haste and was relevant upon the issue of speed. Therefore, the trial judge was in error in granting a new trial upon the ground that such testimony was inadmissible.

The details of the incident, which gave rise to the necessity for taking plaintiff's son to the doctor, were not admitted in evidence, and we find no testimony thereabout which could have constituted legal prejudice to the plaintiff.

The order of the lower court granting a new trial is accordingly reversed.

TAYLOR, C. J., and Moss, BUSSEY and BRAILSFORD, JJ., concur.